**THE HARBOR LAW GROUP**
Kira M. Rubel, Esq.
3615 Harborview Drive, NW, Suite C.
Gig Harbor, WA 98332-2129
Telephone: (253) 358-2215
kira@theharborlawgroup.com

**HIRALDO P.A.**
Manuel Hiraldo, Esq.
(*pro hac vice* to be filed)
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
Telephone: 954-400-4713
MHiraldo@Hiraldolaw.com

*Counsel for Plaintiff and Proposed Class*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| MICHAEL McDONALD, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>FREEDOM MARKET ILWACO, LLC,<br><br>*Defendant*. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Michael McDonald brings this class action against Defendant Freedom Market Ilwaco, LLC, and alleges upon personal knowledge, experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

**NATURE OF THE ACTION**

1. This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA") and its implementing regulations, and Washington's Consumer Protection Act (CPA), RCW 19.86, *et seq.*, and Commercial Electronic Mail Act (CEMA), RCW 19.190, *et seq.*

**CLASS ACTION COMPLAINT-1**

2. In their fight for a share of the saturated cannabis market, dispensaries like Defendant engage in intrusive telemarketing aimed at securing new business.

3. In this case, Defendant sent telemarketing text messages to Plaintiff and the Class members, without their express written consent, and even if their telephone numbers were listed on the National Do Not Call Registry.

4. Upon information and belief, Defendant sent thousands of unsolicited text marketing/ commercial messages to the cellular telephones of Plaintiff and Class Members, as defined below, causing them injuries, including invasion of their privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, including any attempts by Defendant in the future to promote its services using unsolicited text messages. Plaintiff also seeks statutory damages on behalf of himself and the Class Members, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

**PARTIES**

6. Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen and resident of Cowlitz County, Washington.

7. Defendant Freedom Market Ilwaco, LLC, is a Washington limited liability company, with its principal place of business located at 133 Howerton Way SE, Ste. B, Ilwaco, WA, 98624-9088.

**JURISDICTION AND VENUE**

8. This Court has original jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's CPA/CEMA claim pursuant to 28 U.S.C. § 1367.

9. Defendant is subject to general personal jurisdiction in Washington because it is incorporated in Washington, and its primary place of business is in Washington.

10. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because a

substantial part of Defendant's actions and omissions which gave rise to the claims asserted in this action occurred, in part, in this District.

**FACTS**

11. Plaintiff is a Washington resident and person who regularly uses a cellular telephone with the capacity to send and receive transmissions of electronic text messages.

12. Plaintiff is the subscriber of the cellular telephone that received Defendant's unsolicited commercial electronic text messages.

13. In February 2020, October 2020, and November 2020, Defendant sent approximately five (5) generic and automated text messages to Plaintiff's cellular telephone.

14. The wording and purpose of the messages was to advertise, market, and promote Defendant's cannabis dispensary and related products and services.

15. Plaintiff never provided his cellular telephone number to Defendant for any purposes.

16. Plaintiff did not clearly and affirmatively consent in advance to receive Defendant's commercial electronic text messages.

17. Plaintiff never knowingly released his telephone number to Defendant.

18. Plaintiff never provided Defendant with express consent to be contacted using an automatic telephone dialing system on his cellular telephone.

19. Plaintiff never provided Defendant with express written consent to be contacted using an automatic telephone dialing system on his cellular telephone.

20. Plaintiff did not otherwise invite the subject text message solicitations.

21. Plaintiff is the sole user of the telephone number that received Defendant's text messages.

22. Plaintiff primarily uses the telephone number that received Defendant's text messages for personal purposes and not business.

23. To send the text messages, Defendant used a messaging platform (the "Platform") that permitted the transmission of thousands of automated text messages without any human

involvement.

24. Upon information and belief, the Platform has the capacity to store telephone numbers.

25. Upon information and belief, the Platform has the capacity to generate sequential numbers.

26. Upon information and belief, the Platform has the capacity to dial numbers in sequential order.

27. Upon information and belief, the Platform has the capacity to dial sequential blocks of telephone numbers.

28. Upon information and belief, the Platform has the capacity to dial numbers from a list of numbers.

29. Upon information and belief, the Platform has the capacity to dial numbers without human intervention, including an auto-reply function that operates by automatically transmitting text messages through an automation function.

30. Upon information and belief, the Platform also has a text message scheduling function.

31. Upon information and belief, the Platform is capable of transmitting thousands of text messages following the above steps in minutes, if not less.

32. The subject text message solicitations invaded Plaintiff's privacy, intruded upon his seclusion and solitude, constituted a nuisance, and wasted Plaintiff's time by requiring Plaintiff to interact with the messages.

## **CLASS ALLEGATIONS**

33. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, individually and on behalf of all others similarly situated.

**CLASS ACTION COMPLAINT-4**

*PROPOSED CLASSES*

34. Plaintiff brings this case on behalf of the following classes (collectively, the "Class"):

> **National ATDS Class**: **All persons within the United States who, within the four years prior to the filing of this lawsuit; were sent a text message; by or on behalf of Defendant; to said person's cellular telephone number; using the same text messaging platform utilized to text message Plaintiff; regarding Defendant's property, goods, and/or services.**
>
> **National DNC Class**: **All persons in the United States who from four years prior to the filing of this action: (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of advertising and/or promoting Defendant's products and/or services.**
>
> **Washington CPA/CEMA Class**: **All persons who are Washington residents who; within the four years prior to the filing of this lawsuit; were sent a commercial electronic text message; by or on behalf of Defendant; to said person's cellular telephone number.**

35. Defendant and its employees or agents are excluded from the Class.

36. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

*NUMEROSITY*

37. Upon information and belief, Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States and Washington. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

38. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendants' call records.

**CLASS ACTION COMPLAINT-5**

### *COMMON QUESTIONS OF LAW AND FACT*

39. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant made non-emergency calls to Plaintiff and the Class Members' cellular telephones using an ATDS; [2] Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls; [3] Whether Defendant's conduct was knowing and willful; [4] Whether Defendants is liable for damages, including under theories of vicarious and/or joint venture liability; [5] The amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

40. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant transmitted text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### *TYPICALITY*

41. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### *PROTECTING THE INTERESTS OF THE CLASS MEMBERS*

42. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### *SUPERIORITY*

43. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of

**CLASS ACTION COMPLAINT-6**

individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

44. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
### VIOLATIONS OF 47 U.S.C. § 227(b)
**(On Behalf of Plaintiff and the National ATDS Class)**

45. Plaintiff re-alleges and incorporates paragraphs 1-44 as if fully set forth herein.

46. Defendant utilized equipment having the capacity to store telephone numbers, using a random or sequential generator, and to dial such numbers and/or to dial numbers from a list automatically, without human intervention, to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class. These calls, or more precisely, text messages, were sent without regard to whether Defendant had first obtained express permission from the called party to send such text message. In fact, Defendant did not have prior express consent to text the cell phones of Plaintiff or the other members of the putative Class when such text messages were sent.

47. Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express written consent.

48. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class members are also entitled to an injunction against future calls. To the extent Defendant's misconduct is determined to be willful

and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of No Consent Class.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class, and against Defendant that provides the following relief: **[1]** Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful; **[2]** A permanent injunction prohibiting Defendant from violating the TCPA in the future through calling or texting cell phones using an automatic telephone dialing system; **[3]** A declaration that Defendant used an automatic telephone dialing system and violated the TCPA in using such to call or text the cell phones of Plaintiff and the National ATDS Class; and **[4]** Any other relief the Court finds just and proper.

## COUNT II
## VIOLATION OF 47 C.F.R. § 64.1200
**(On Behalf of Plaintiff and the National ATDS Class)**

49. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

50. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… using an automatic telephone dialing system…To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

51. Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system…other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…" 47 C.F.R. § 64.1200(a)(2).

52. Defendant transmitted calls using an automatic telephone dialing system to the telephone numbers of Plaintiff and members of the putative class without their prior express written consent and/or continued to transmit text messages after consent was revoked.

53. Defendant has therefore violated § 64.1200(a)(1)(iii) and § 64.1200(a)(2) by using an automatic telephone dialing system to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their prior express written consent.

54. Defendant knew that it did not have prior express written consent to make these calls, and knew or should have known that it was using an automatic telephone dialing system. The violations were therefore willful or knowing.

55. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls.

56. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express written consent to receive its messages to their telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class, and against Defendant that provides the following relief: **[1]** Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful; **[2]** A permanent injunction prohibiting Defendant from violating the TCPA in the future through calling or texting cell phones using an automatic telephone dialing system; **[3]** A declaration that Defendant used an automatic telephone dialing system and violated the TCPA in using such to call or text the cell phones of Plaintiff and the National ATDS Class; and **[4]** Any other relief the Court finds just and proper.

### COUNT III
### Violations of 47 U.S.C. § 227

**(On Behalf of Plaintiff and the National DNC Class)**

57. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-44 as if fully set forth herein.

58. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

59. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

60. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

61. Any "person who has received more than one telephone call within any 12- month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

62. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

63. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the National DNC Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

64. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the National DNC Class.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class, and against Defendant that provides the following relief: **[1]** Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful; **[2]** A permanent injunction prohibiting Defendant from violating the TCPA in the future through calling or texting cell phones using an automatic telephone dialing system; **[3]** A declaration that Defendant used an automatic telephone dialing system and violated the TCPA in using such to call or text the cell phones of Plaintiff and the No Consent Class; and **[4]** Any other relief the Court finds just and proper.

## COUNT IV
## VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT AND COMMERCIAL ELECTRONIC MAIL ACT
**(On Behalf of Plaintiff and the Washington CPA/CEMA Class)**

65. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

66. Washington's CEMA prohibits any "person" from initiating the transmission of an unsolicited commercial electronic text message to a Washington resident's cellular telephone, unless the recipient has clearly and affirmatively consented in advance to receive such text messages. *See* RCW 19.190.060(1) and 19.190.070(1)(b).

67. Defendant initiated the transmission of unsolicited commercial electronic text messages to Plaintiff and the Class members without first securing their clear and affirmative consent to receive such messages.

68. Thus, Defendant violated RCW 19.190.060(1).

69. Pursuant to RCW 19.190.100, initiating the transmission of unsolicited commercial electronic text messages to recipients who have not clearly and affirmatively consented to receive

such text messages is an unfair or deceptive act in trade or commerce and an unfair method of competition for purposes of applying the CPA.

70. Pursuant to RCW 19.190.100, initiating the transmission of unsolicited commercial electronic text messages to recipients who have not clearly and affirmatively consented to receive such text messages is a matter vitally affecting the public interest for purposes of applying the CPA.

71. Pursuant to RCW 19.190.100, initiating the transmission of unsolicited commercial electronic text messages to recipients who have not clearly and affirmatively consented to receive such text messages is not reasonable in relation to the development and preservation of business.

72. Pursuant to RCW 19.190.040(1), damages to Plaintiff and the Class members for Defendant's violations of the CEMA are the greater of $500 or actual damages, which establishes the injury and causation elements of a CPA claim as a matter of law. *See Wright v. Lyft, Inc.*, 189 Wn.2d 718, 732 (2017).

73. As a result of Defendant's actions and omissions, Plaintiff and the Class members are each entitled to recover $500 per text message, plus exemplary damages of $1,000 per text message, as well as costs and attorney's fees.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class, and against Defendant that provides the following relief: **[1]** A declaration that this action may be maintained as a class action; **[3]** Statutory damages of $500 per violation, and $1,000 per violation in exemplary damages; **[4]** Treble damages; **[5]** A permanent injunction prohibiting Defendant from initiating unsolicited commercial electronic text messages without recipients' clear and affirmative consent; **[6]** A declaration that Defendant initiated unsolicited commercial electronic text messages to Plaintiff and the Class members; and **[7]** An award of attorney's fees and costs incurred by Plaintiff's counsel in the prosecution of this lawsuit.

### JURY DEMAND

Plaintiff, respectfully, demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the text messages as alleged herein, including, but not limited to, all documents in the custody or possession of any vendors, agents, or non-parties utilized to transmit the subject messages.

DATED: February 8, 2021

Respectfully Submitted,

*/s/ Kira M. Rubel*
Kira M. Rubel, WSBA #51691
**THE HARBOR LAW GROUP**
3615 Harborview Drive, NW, Suite C
Gig Harbor, WA 98332-2129
Telephone: (253) 358-2215
kira@theharborlawgroup.com

**HIRALDO P.A.**
Manuel Hiraldo, Esq.
(*pro hac vice* to be filed)
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
Telephone: (954) 400-4713
MHiraldo@Hiraldolaw.com

*Counsel for Plaintiff*

**CLASS ACTION COMPLAINT-13**